## WALEY v. UNITED STATES.

### No. 12276.

United States Court of Appeals.
Ninth Circuit.

Dec. 9, 1949.

Rehearing Denied Dec. 28, 1949.

Harmon M. Waley, in pro. per.

J. Charles Dennis; U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN; Chief Judge, and ORR and POPE, Circuit Judges.

## PER CURIAM.

This is an appeal from an order denying appellant's motion to vacate a judgment and set aside a sentence of the United States District Court for the Western District of Washington. 28 U.S.C. § 2255, 28 U.S.C.A. § 2255. Appellant pleaded guilty to an indictment which charged a violation of the "Lindbergh Act," 18 U.S.C. § 408a,[1] as follows:

"That * * * Harmon Metz Waley * * * and * * * who are hereinafter referred to as defendants, on or about the twenty-seventh day of May * * * (A.D. 1935), at Tacoma, in the Southern Division of the Western District of Washington, and within the jurisdiction of the United States District Court for said division and district then and there being, did then and there . wilfully, unlawfully, knowingly and feloniously transport and cause to be transported, and aid and abet in transporting in interstate commerce a person, to-wit, George Weyerhaeuser, who had been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted and carried away without lawful authority and against his will and without his consent, and held for ransom and reward, that is to say, that on or about the *twenty-seventh of May,* * * * (A.D.1935), at Tacoma, in the said Southern Division of the Western District of Washington, and within the jurisdiction of the United States District Court for said division and district, *the said defendants, and each of them then and there being, did wilfully, unlawfully, knowingly, and feloniously transport and cause to be transported, and aid and abet in transporting by means of motor vehicle in interstate commerce from Tacoma, aforesaid, to Blanchard and Spirit Lake, State of Idaho, one George Weyerhaeuser of Tacoma, District and Division aforesaid, who had theretofore, to-wit, on or about the twenty-fourth day of May,* * * * (A. D.1935), *been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted and carried away, without lawful authority, and against his will and without his consent, and held for ransom and reward by said defendants, and that said defendants failed to release said George Weyerhaeuser within seven (7) days after he had been so unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted and carried away, as aforesaid, all of which the said defendants then and there well knew;* contrary to the form of the statute in such case made and provided, and against the

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 1201.

peace and dignity of the United States of America." (Emphasis supplied.)

It is appellant's contention that this indictment does not charge an offense because it does not allege that the victim was unlawfully held at the time of the interstate transportation. A reading of the indictment, supra, shows that there is no merit in this contention. The italicized parts of the indictment allege that the victim was kidnapped by the defendants on May 24, 1935, and that they failed to release him within seven days. The interstate transportation is alleged to have occurred on May 27, 1935, within three days after the kidnapping. Thus it is alleged that the victim was unlawfully held at the time of the interstate transportation.

The judgment is affirmed.